UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN LOUSTEAU** | * | **CIVIL ACTION** |
| *Plaintiff* | * | |
| | * | **NO.** |
| **VERSUS** | * | |
| | * | **SECTION** |
| | * | |
| **CONGREGATION OF HOLY CROSS** | * | **MAGISTRATE** |
| **SOUTHERN PROVINCE, INC.** | * | |
| and | * | |
| **HOLY CROSS COLLEGE, INC.** | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, John Lousteau, who for his Complaint for Damages, avers as follows:

### I.  PARTIES

1. John Lousteau ("Plaintiff") is an individual of the full age of majority and a resident of the State of Florida.

2. Defendant Congregation of Holy Cross Southern Province, Inc. ("Holy Cross"), is a non-profit religious corporation organized under the laws of the State of Louisiana with its principal place of business in Baton Rouge, Louisiana.

3. Defendant Holy Cross College, Inc. ("Holy Cross School"), is a non-profit corporation organized under the laws of the State of Louisiana with its principal place of business in New Orleans, Louisiana.

1

## II.  JURISDICTION AND VENUE

4. Jurisdiction is vested in this Honorable Court pursuant to 28 U.S.C. § 1332 as the parties are citizens of different States and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

5. Venue is proper in the Eastern District of Louisiana pursuant to:

   A. 28 U.S.C. § 1391(b)(1) because, upon information and belief, a defendant resides in this judicial district; and/or

   B. 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## III.  FACTUAL ALLEGATIONS

6. Plaintiff John Lousteau brings this action against Defendants Congregation of Holy Cross Southern Province, Inc. ("Holy Cross") and Holy Cross College, Inc. ("Holy Cross School") to obtain damages for injuries he suffered as a minor as a result of sexual abuse by a brother and society member employed by Defendants.

7. At all times material to this Complaint, Defendant Holy Cross and/or Defendant Holy Cross School had the right of control and the power to prevent the sexual and physical abuse of children who visited and/or attended Holy Cross School and other campuses Defendant Holy Cross controlled and/or provided day-to-day management of, including the duty to protect them from sexual molestation by priests, clergy, and/or other employees assigned to Holy Cross School.

8. At all times material to this Complaint, Defendant Holy Cross and/or Defendant Holy Cross School had the right of control and the power to prevent the sexual and physical abuse of minors who attended Holy Cross School, including the duty to protect them from sexual

abuse by priests, clergy, society members, and/or other employees assigned at Holy Cross School.

9. In approximately 1968 or 1969, Plaintiff John Lousteau suffered from sexual abuse committed by Brother S.R. at Holy Cross School located in New Orleans, Louisiana.

10. Brother S.R. was an employee and/or agent of Defendants Holy Cross and Holy Cross School. Brother S.R. was a teacher at Holy Cross School and a member of the Civil Air Patrol who, on information and belief, monitored a large dormitory at Holy Cross School.

11. Plaintiff John Lousteau attended a summer camp at Holy Cross School in New Orleans and was sexually abused by Brother S.R. on two separate occasions when he was 10 or 11 years old in 1968 or 1969.

12. On one occasion, Brother S.R. brought Plaintiff to his room for pizza and to watch television.

13. When they arrived at Brother S.R.'s room, Brother S.R. told Plaintiff John Lousteau that it was "okay" for him to sit on the bed so he could see the television better.

14. Brother S.R. then sat on the bed next to him and rolled over against him. Plaintiff Lousteau felt Brother S.R.'s erection against his right hip. Brother S.R. began repeatedly rubbing and thrusting his erection against Plaintiff Lousteau's leg.

15. On another occasion, Brother S.R. sexually abused Plaintiff Lousteau in Plaintiff Lousteau's dorm room.

16. Plaintiff Lousteau was laying in his upper bunk when Brother S.R. came in and whispered in Plaintiff Lousteau's ear that it was "okay" and put his hands inside Plaintiff Lousteau's pajamas and began to fondle his genitals. Brother S.R. left when Plaintiff Lousteau began to fight and make noise.

17. As a result of the psychological harm caused by the abuse perpetrated upon Plaintiff Lousteau by Brother S.R., Plaintiff Lousteau has suffered devastating and far-reaching effects on him and his life.

18. On June 17, 2020, Plaintiff John Lousteau provided a detailed interview with representatives of Defendant Holy Cross regarding the sexual abuse he suffered as a child at the hands of Brother S.R.

19. During the interview, the Holy Cross representative informed Plaintiff Lousteau multiple times that they considered his statement to be credible.

20. The Holy Cross representative confirmed that Brother S.R. was indeed a Brother of the Brothers of Holy Cross at the time of the abuse.

21. The Holy Cross representative promised that they would conduct an unbiased investigation into his complaint, and they indicated they would track down people who knew Brother S.R. and review as many documents as they could to get to the truth.

22. The Holy Cross representative also promised Plaintiff Lousteau that their client, Defendant Holy Cross, would pay for Plaintiff Lousteau to receive therapy from the therapist of his choice.

23. Based on this promise that Defendant Holy Cross would pay for his treatment, Plaintiff Lousteau identified a counselor that could provide him with therapy to help him heal from the effects of the sexual abuse.

24. On August 21, 2020, the representative of Defendant Holy Cross was made aware of Plaintiff Lousteau's choice of therapist and was requested to provide details about how the payment process would work.

25. At this time, representatives of Defendant Holy Cross abruptly cut off communication and

have ignored Plaintiff Lousteau's multiple attempts of contact for more than six months.

26. Accordingly, Plaintiff Lousteau now brings these claims pursuant to the recently passed Louisiana House Bill 492 that allows survivors of child sexual abuse to bring claims within a three-year period.

27. The Certificate of Mental Health Practitioner, Dr. Edward Shwery, Ph.D., and of Plaintiff's Counsel, Frank E. Lamothe, III., are attached hereto as *in globo* Exhibits A & B, in accordance with La. R.S. 9:2800.9.

## IV.  LIABILITY

28. The matters complained of herein are tortious under Louisiana Civil Code Article 2315 and applicable jurisprudence. Defendants Holy Cross and Holy Cross School are liable thereunder based, among other things, upon their failure to supervise and monitor clergy, and to ensure that minors would not be sexually molested and abused by priests, brothers, and/or other clergy.

29. Defendants Holy Cross and Holy Cross School knew or should have known that the employment and/or retention of Brother S.R. presented an unreasonable risk of harm and was likely to sexually abuse Defendant's congregation, students, and/or other minors.

30. Plaintiff further alleges that the doctrine of *respondeat superior* is applicable and Defendants Holy Cross and Holy Cross School are responsible for the acts of their employees and/or agents who engaged in the sexual abuse of Plaintiff Lousteau as a minor child and Defendants Holy Cross and Holy Cross School are liable for the matters complained of herein.

## V. DAMAGES

31. As a result of the wrongs alleged herein, Plaintiff Lousteau has suffered great damage and

will continue to do so for the remainder of his life. This damage includes, but is not limited to,

    A. Loss of income and earning capacity;

    B. Loss of educational opportunities;

    C. Extreme emotional and physical abuse;

    D. Pain and suffering;

    E. Loss of enjoyment of life;

    F. Loss of religion and/or faith;

    G. Diminished quality of life;

    H. Inability to enjoy normal sexual relations;

    I. Post-traumatic stress disorder;

    J. Chronic depression and anxiety;

    K. Insomnia and other sleeping disorders;

    L. Alcohol and drug abuse;

    M. And other permanent psychological and physical damage.

## V. REQUEST FOR TRIAL BY JURY

32. Pursuant to Fed. R. Civ. P. 38(a), Plaintiff demands trial by jury on all issues of fact and law triable to a jury.

## VI. PRAYER FOR RELIF

**WHEREFORE,** Plaintiff, John Lousteau, prays that Defendants, Congregation of Holy Cross Southern Province, Inc. and Holy Cross College, Inc., be served with Summons and a copy of this Complaint for Damages, that they serve their Answers thereto, that after due proceedings had and the expiration of all legal delays, there be a final judgement entered holding Defendants,

Congregation of Holy Cross Southern Province, Inc. and Holy Cross College, Inc., liable, unto Plaintiff, in money damages reasonable for the damages set forth herein, for interest from the date of judicial demand until paid, an award of all costs allowed by law, that there be a trial by jury, and that the Court grant such other and further relief as the interests of justice may require.

>Respectfully submitted,
>
>*/s/ Frank E. Lamothe*
>FRANK E. LAMOTHE, III, T.A. (#07945)
>KRISTI S. SCHUBERT (#34870)
>JULIEN G. LAMOTHE (#38313)
>**LAMOTHE LAW FIRM, LLC**
>400 Poydras Street, Suite 1760
>New Orleans, LA 70130
>Telephone: (504) 704-1414
>E-Mail: felamothe@lamothefirm.com
>           kschubert@lamothefirm.com
>           jlamothe@lamothefirm.com
>
>*Attorneys for Plaintiff, John Lousteau*