UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN LOUSTEAU** | * | **CIVIL ACTION** |
| *Plaintiff* | * | |
| | * | **NO. 2021-1457** |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| | * | **JAY C. ZAINEY** |
| **CONGREGATION OF HOLY CROSS** | * | |
| **SOUTHERN PROVINCE, INC.** | * | |
| and | * | **MAGISTRATE:** |
| **HOLY CROSS COLLEGE, INC.** | * | **KAREN WELLS ROBY** |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S SUR-RESPONSE TO DEFENDANTS, CONGREGATION OF HOLY CROSS, MOREAU PROVINCE, INC. S/H/A CONGREGATION OF HOLY CROSS SOUTHERN PROVINCE, INC. AND HOLY CROSS COLLEGE, INC.'S MOTION TO DISMISS**

**MAY IT PLEASE THE COURT:**

Plaintiff, John Lousteau, submits this Sur-Response to Defendants, Congregation of Holy Cross, Moreau Province, Inc. s/h/a Congregation of Holy Cross Southern Province, Inc. and Holy Cross College, Inc.'s *"Motion to Dismiss"*[1]

**I.     New Discussions in the Legislature Clarify the Intent of Act 322**

Defendants filed a Reply Memorandum in Support of Defendants' Motion to Dismiss (R. Doc. 45) which consistently mischaracterizes the arguments made in Plaintiff's Opposition to the Motion to Dismiss and raises new arguments regarding a proposed bill which is currently pending in the legislature. It is not necessary to discuss the specific ways in which Defendants mischaracterize the arguments because new testimony has been given in the current legislative session which

---

1 See Rec. Doc. 45

conclusively resolves any debate as to the meaning of Act 322's language and the legislatures intent in enacting it.

House Bill 402 (hereinafter, "HB 402"), which is currently pending before the Louisiana Legislature, amends certain language from Act 322 in order to clarify the original legislative intent of Act 322. Notably, the legislator who proposed both Act 322 and HB 402, Representative Jason Hughes, provided testimony during the April 18, 2022, House Committee session on HB 402 regarding the original intent of Act 322. His testimony definitively discredits each of the Defendants' statutory interpretation arguments.

Regarding the removal of the reference to Article 603 as the definition of abuse, Representative Hughes testified that the legislature did not intend to change the definition of abuse but in fact had "unintentionally delated" the reference. *Transcript Rep. Jason Hughes, April 18, 2022, Hearing at the House of Representatives, Bill 402, at 2:10-19*, attached as *Exhibit "1"*. He went on to clarify that there was never any legislative intent to exclude organizations and entities from Section 2800.9. *Id*.

With respect Defendants argument that the Lookback Window only applies to post-1993 cases, Rep. Hughes testified that "[t]his was most certainly not the legislative intent of the bill." *Id at 2:19-22*. He stated that "[i]t was debated over and over and made crystal clear that the 3 year look back window was for any victim of abuse, regardless of if it was after 1993 or prior to 1993." *Id at 3:1-4*. He further explained that the amendments contained in HB 402 are only intended to clarify the original legislative intent of Act 322. *Id at 3:12-17*. After hearing Rep. Hughes testimony, HB 402 was passed by House Committee without objection. *Id at 13:13-22*. On April 26, 2022, HB 402 was discussed on the House Floor where Rep. Hughes made comments nearly identical to those which he had made to the House Committee.  HB 402 passed the House unanimously.

Defendants previously pointed to comments made by Senator Cameron Henry during the hearings on Act 322 wherein he stated that he had proposed the Lookback Window in order to make Act 322 "a little bit retroactive." (R. Doc 45, p. 4). Defendants argue that his comment supports their contention that the legislature only intended to revive cases where the abuse happened after 1993. But Senator Henry has since made public statements that the Lookback Window was always intended to allow any alleged victim, regardless of when the abuse took place, to sue both the perpetrator and any liable organizations during the lookback period. *See Exhibit "2", pg. 3*. Sen. Henry further stated that "the obvious intent for the window was for all victims to have their day in court." *Id*.

Thus, the language of Act 322 and the legislative intent regarding its application are both abundantly clear. Act 322 must be construed so as to enact the legislative intent which is the paramount consideration. *See SWAT 24 Shreveport Bossier, Inc. v. Bond*, 2000-1695 (La. 6/29/01), 808 So. 2d 294, 302 (stating "the object of the court in construing a statute is to ascertain the legislative intent and, where a literal interpretation would produce absurd consequences, the letter must give way to the spirit of the law and the statute construed so as to produce a reasonable result.").

**II.     Both the U.S. Supreme Court and the Louisiana Supreme Court have Affirmed the Legislature's Power to Revive Previously Prescribed Claims**

The Louisiana and Federal Due Process Clauses are "nearly identical in language," and the two clauses have been found to be coextensive and to provide the same due process protection." *State v. Smith*, 614 So.2d 778, 780 (La.App. 2 Cir.1993)(stating "[w]e are aware of no authority for finding a greater due process protection under the Louisiana Constitution" than that which is provided under the Federal Due Process Clause.); *See also Robinson v. St. Tammany Par. Pub. Sch.*

*Sys.*, 983 F. Supp. 2d 835, 845 (E.D. La. 2013), aff'd, 569 F. App'x 303 (5th Cir. 2014). Therefore, if it is permissible under the Federal Due Process Clause to revive previously time-barred causes of action, it is permissible under the Louisiana Due Process Clause as well.

The United States Supreme Court has conclusively ruled that revival of previously time barred claims does not violate the Federal Due Process Clause. *See Chase Sec. Corp. v. Donaldson*, 325 U.S. 304, 311–12, 65 S. Ct. 1137, 1141, 89 L. Ed. 1628 (1945) (holding that "a state legislature, consistently with the Fourteenth Amendment [Due Process], may repeal or extend a statute of limitations, even after right of action is barred thereby, restore to the plaintiff his remedy, and divest the defendant of the statutory bar.").

The decision in *Chase* stemmed from an earlier decision by the Supreme Court in *Campbell v. Holt* which drew a distinction between instances where a lapse of time divests one party of title to real or personal property and invests that same title into another party (as is the case with acquisitive prescription) versus instances where the lapse of time "only disqualifies the plaintiff to recover a debt by suit if the defendant rely on time in his plea." *Campbell v. Holt*, 115 U.S. 620, 624–25, 6 S. Ct. 209, 211, 29 L. Ed. 483 (1885). The U.S. Supreme Court explained that where the passage of time has operated to confer ownership of real or personal property, ownership of said property right can clearly be understood to become a true vested right. *Id*. But they went on to explain that the "right to defeat a just debt by the statute of limitations" is not "a vested right, so as to be beyond legislative power in a proper case," and "no right is destroyed when the law restores a remedy which had been lost" through passage of time. *Id* at 213. The *Campbell* court supported this decision by pointing to the fact that even where the time-lapse bars the remedy, the underlying obligation remains. *Id* at 212. This is consistent with Louisiana's law of liberative prescription, which only prevents the enforcement of a right by legal action but does not extinguish the underlying natural

obligation. (La.C.C. art. 1762(1)).

The Louisiana Supreme Court has affirmed the holding in *Chase* and adopted its reasoning based upon the *Campbell* decision, thereby acknowledging the power of the Legislature to revive previously time barred claims. *Picone v. Lyons*, 601 So. 2d 1375, 1377 (La. 1992). There, the Louisiana Supreme Court confirmed that "[r]emoving a limitation barrier to a remedy lost through mere lapse of time does not per se violate the Fourteenth Amendment [Due Process]." *Picone v. Lyons*, 601 So. 2d 1375, 1377 (La. 1992). They explained that "[w]hen liberative prescription limits the right to seek legal redress for harm, the natural obligation to repair the harm remains" and concluded that "[a] defendant has no vested interest in a particular period of prescription or limitation." *Id* at 1377. The *Picone* Court also confirmed that prescriptive periods "represent a public policy about the privilege to litigate" and that "[t]heir shelter has never been regarded as what now is called a "fundamental" right or what used to be called a "natural" right of the individual." *Id* at 1377 (citing *Chase Securities Corp. v. Donaldson*, 325 U.S. 304 at 314, 65 S.Ct. 1137 at 1142, 89 L.Ed. 1628 at 1635 (1945).)). The *Picone* Court acknowledged that because the right to assert prescription is not a fundamental right, legislation fixing or interrupting prescriptive periods need only "bear a rational relationship to a legitimate state interest" in order to satisfy due process. *Id*.

The Eastern District of Louisiana has also affirmed this holding, stating that "[i]t does not violate due process to repeal or extend a statute of limitations, even after right of action is barred thereby, restore to the plaintiff his remedy, and divest the defendant of the statutory bar." *Ayo v. Control Insulation Corp.*, 477 So. 2d 1258, 1260 (La. Ct. App. 1985), writ denied, 481 So. 2d 1349 (La. 1986)(*internal citations omitted*).[2]

---

[2] In *Ayo*, the Court declined to revive the plaintiff's cause of action only because in enacting the Louisiana prescriptive statute at issue, the "the Legislature did not express an intent to revive prescribed claims. *Id*.

Because the Louisiana Due Process Clause offers no greater protection than its federal counterpart, and because its federal counterpart has been explicitly held not to prevent lawmakers from reviving prescribed causes of action, Act 322 does not violate either the Louisiana or federal Due Process Clauses.

## CONCLUSION

For these additional reasons, Plaintiff prays that Defendants motion to dismiss be denied.

Respectfully submitted,

*/s/ Kristi S. Schubert*
FRANK E. LAMOTHE, III, T.A. (#07945)
KRISTI S. SCHUBERT (#34870)
JULIEN G. LAMOTHE (#38313)
**LAMOTHE LAW FIRM, LLC**
400 Poydras Street, Suite 1760
New Orleans, LA 70130
Telephone: (504) 704-1414
E-Mail: felamothe@lamothefirm.com
          kschubert@lamothefirm.com
          jlamothe@lamothefirm.com
*Attorneys for Plaintiff, John Lousteau*

## CERTIFICATE OF SERVICE

I certify that on May 4, 2022, the foregoing document was filed electronically with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to counsel for all parties by operation of the CM/ECF system.

*/s/ Kristi S. Schubert*
KRISTI S. SCHUBERT