# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 28, 2023
Lyle W. Cayce
Clerk

No. 22-30407
_____

John Lousteau,

    *Plaintiff—Appellant*,

versus

Holy Cross College, Incorporated; Congregation of Holy Cross Moreau Province, Incorporated, *incorrectly named as* Congregation of Holy Cross Southern Province, Incorporated,

    *Defendants—Appellees*.
_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-1457
_____

Before King, Smith, and Elrod, *Circuit Judges*.

Per Curiam:

    John Lousteau appeals the dismissal of his complaint in the district court. In light of an opinion rendered by the Louisiana Supreme Court in the intervening period, *see T.S v. Congregation of Holy Cross S. Province, Inc.*, 2023 WL 4195778 (La. June 27, 2023), we VACATE the district court's decision and REMAND.

No. 22-30407

On August 1, 2021, Plaintiff-Appellant John Lousteau brought an action against Defendants-Appellees Holy Cross College, Inc. and Congregation of Holy Cross Moreau Province, Inc.[1] (collectively, "Holy Cross") in the United States District Court for the Eastern District of Louisiana. Lousteau alleges that he suffered from sexual abuse carried out by Brother Stanley Repucci on two separate occasions while attending summer camp at Holy Cross as a 10- or 11-year-old boy in either 1968 or 1969. Brother Repucci was a teacher at Holy Cross College, Inc. and monitored a large dormitory there; he died years before the instant action was filed. Lousteau asserts that Holy Cross is liable for Brother Repucci's conduct under the doctrine of *respondeat superior*.

At the time of the alleged abuse, such an offense was subject to a one-year liberative prescriptive period. *T.S*, 2023 WL 4195778, at *4 n.7. In 1993, Louisiana's Legislature extended the prescriptive period for offenses involving the abuse of a minor to ten years following the time at which the minor attained the age of majority. LA. STAT. ANN. § 9:2800.9(A) (1993). But that legislation was silent as to claims that would have already been prescribed at the time of its enactment. In 2021, the Legislature passed Act 322, which altogether eliminates the prescriptive period for offenses involving the abuse of a minor. 2021 La. Acts 322 § 1 (amending LA. STAT. ANN. § 9:2800.9(A)). Act 322 also permits "any party whose action under [§] 9:2800.9 was barred by liberative prescription prior to the effective date" of Act 322 "to file an action under [§] 9:2800.9 against a party whose alleged actions are the subject of [§] 9:2800.9" for three years following Act 322's enactment (the "Revival Provision"). *Id.* § 2. Lousteau invokes the Revival

---

[1] Lousteau incorrectly referred to Congregation of Holy Cross Moreau Province, Inc. as Congregation of Holy Cross Southern Province, Inc. when filing his complaint.

No. 22-30407

Provision as his basis to bring a suit that would otherwise ostensibly be prescribed. Holy Cross subsequently moved for judgment on the pleadings.

On June 8, 2022, the district court granted Holy Cross's motion and dismissed Lousteau's complaint. After determining that the Revival Provision applied to Lousteau's claims, the court turned to the provision's constitutionality and examined whether the Revival Provision violated the Louisiana Constitution's Due Process Clause. *See* La. Const. Ann. art. I, § 2. Following its analysis of the relevant Louisiana caselaw and recognizing that this issue had yet to be addressed by Louisiana's Supreme Court, the court made an *Erie* guess and concluded that the Revival Provision was violative of the Louisiana Constitution's Due Process Clause. Lousteau now appeals the district court's decision and requests that we certify this issue to the Louisiana Supreme Court.[2]

While this appeal was pending, the Louisiana Supreme Court issued its decision in *T.S v. Congregation of Holy Cross Southern Province, Inc.*, 2023 WL 4195778, a case with facts nearly identical to our own. In *T.S*, the namesake plaintiff alleged that he was abused by Brother Repucci while attending Holy Cross[3] in the 1960s and similarly relied on the Revival Provision to avoid a prescription defense. *Id.* at *1–2. The trial court, however, dismissed the suit, holding that the Revival Provision was unconstitutional. *Id.* at *2. On direct appeal, the Louisiana Supreme Court vacated the trial court's decision, avoiding the constitutional question entirely. *Id.* at *3, 7. Specifically, the Court held that, in enacting the Revival Provision, Louisiana's Legislature "did not clearly express an intent to revive

---

[2] Alternatively, Lousteau asks that the district court's decision be vacated.

[3] While Holy Cross College, Inc. is a defendant in both suits, Holy Cross Southern Province, Inc. is the other defendant named in *T.S* as opposed to Holy Cross Moreau Province, Inc., the other defendant in our case.

3

Case 2:20-cv-01457-JCZ-KWR  Document 66-5  Document 66  Filed 09/19/23  Page 4 of 4
Case: 22-30407  Document: 00516899876  Page: 4  Date Filed: 09/19/2023

No. 22-30407

prescribed sexual abuse claims that occurred prior to 1993." *Id.* at *3. The Court reasoned that the Revival Provision only revives actions that are prescribed under § 9:2800.9; actions prescribed by predecessor statutes, such as the one brought by T.S., remain unaffected. *Id.* at *4 & n.7. Accordingly, the Court ruled that "T.S.'s action had long since prescribed" because it remained subject to a one-year liberative prescriptive period. *Id.* at *4.

With the benefit of the *T.S* decision, we are now certain as to how this case should be resolved under Louisiana law. As previously noted, the facts of both cases are nearly identical. Therefore, it is apparent that the district court should not have ruled on the Revival Provision's constitutionality. Instead, it is now clear that the Revival Provision's wording makes it inapplicable to Lousteau's claims. Accordingly, his complaint should be dismissed for that sole reason. On remand, the district court may consider whether Lousteau should be provided with leave to amend his complaint.

VACATED and REMANDED.