UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOHN LOUSTEAU**                                                           **CIVIL ACTION**

**VERSUS**                                                                           **NO: 21-1457**

**CONGREGATION OF HOLY CROSS**
**SOUTHERN PROVINCE, INC. ET AL**                       **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Partial Summary Judgment on Vicarious Liability (Doc. 116). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff John Lousteau filed suit against Defendants Congregation of Holy Cross Moreau Province, Inc. ("Moreau Province") and Holy Cross College, Inc. ("Holy Cross") for damages he alleges he suffered as a result of sexual abuse by Brother Stanley Repucci while attending a Holy Cross summer camp in 1968 or 1969. Plaintiff alleges that Repucci worked as a teacher at Holy Cross School in New Orleans from 1964 to 1969. In 1967 and 1968, he worked as the camp director for Holy Cross Resident Camp located at Holy Cross School, a camp for boys ages 7 to 14. As part of his duties as camp director, Repucci supervised and resided in the dormitory where the campers slept.

1

Plaintiff alleges that Repucci twice sexually assaulted him in the dormitory during nightly room inspections.

Plaintiff now moves for a finding that Defendants are vicariously liable for the actions of Repucci. Defendants oppose.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Plaintiff ask the Court to find that Defendants are vicariously liable for the sexual abuse allegedly committed by Brother Stanley Repucci. Under Louisiana Civil Code article 2320, "employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." "There are two essential elements for liability under article 2320: (1) the existence of an employer-employee relationship and (2) the tortious act of the employee was committed during the course and scope of the employment by the employer sought to be held liable."[9] This Court will consider each element in turn.

---

[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[9] Lagrange v. Boone, 337 So. 3d 921, 925 (La. App. 3 Cir. 2022).

### A. Employer-Employee Relationship

Defendants primarily argue that there are genuine issues of material fact regarding whether Defendant Moreau Province had an employer-employee relationship with Repucci.[10] At the outset, the Court notes that nothing prevents a finding that Repucci was an employee of both Defendant Holy Cross and Defendant Moreau Province.[11] The Louisiana Supreme Court has advised that courts should consider the following factors in deciding whether an employer-employee relationship exists: "(1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) power of control."[12] The Louisiana Supreme Court has explained that "[t]he single most important factor to consider in deciding whether the employer-employee relationship exists, for purposes of La. C.C. art. 2320, is the right of the employer to control the work of the employee."[13] That said, "no one factor is controlling; rather, the totality of the circumstances must be considered, and the burden of proof is on the party seeking to establish an employer-employee relationship."[14]

Plaintiff relies on the Louisiana Supreme Court's decision in *Doe v. Parauka*.[15] There, Plaintiffs, on behalf of their minor son, accused John Parauka, the principal of Our Lady of the Lake School ("OLOL"), of sexual

---

[10] Defendants do not appear to seriously contest the existence of an employer-employee relationship between Holy Cross and Repucci.
[11] Doe v. Parauka, 714 So. 2d 701, 704 (La. 1998) ("[I]t is entirely possible for Parauka to be the employee of the Archdiocese, as well as OLOL."); Matlock v. Hankel, 707 So. 2d 1016, 1019, (La. App. 4 Cir. 1998) (finding that defendant was a servant of both the volunteer fire department and city fire department).
[12] Bolden v. Tisdale, 347 So. 3d 697, 708 (La. 2022),
[13] *Id.*
[14] *Id.*
[15] Doe, 714 So. 2d at 704.

4

assault.[16] The court considered whether there was sufficient evidence in the record for a reasonable jury to determine that Parauka was an employee of the Archdiocese of New Orleans, as well as OLOL.[17] The court considered the testimony of the representative of the Archdiocese, Howard Jenkins:

> As previously discussed, Jenkins testified that OLOL was within the authority and jurisdiction of the Archdiocese and that he, as the Archdiocese's superintendent, supervised and exercised authority over the schools, and thus the principals, within the Archdiocese. Jenkins testified that the Archdiocese allowed the local parishes a great deal of autonomy and that the principals were responsible to the parish priests. However, the record also establishes a hierarchy of control with the parish priests responsible to the Archdiocese. Additionally, the Archdiocese published guidelines and implemented policies which the principals were bound to follow. Jenkins testified that on at least two occasions, he had exercised power on behalf of the Archdiocese to resolve local problems. He also stated that supervision of OLOL was within the scope of his duties as the Archdiocese's superintendent. Regarding Parauka specifically, Jenkins testified that while the local parish priest exercised direct control over Parauka as his immediate employer, the Archbishop was his "ultimate employer."[18]

The court also considered the fact that the Archdiocese was involved in Parauka's hiring and signed his employment contract.[19] Jenkins admitted that Parauka would not have been hired without the Archdiocese's consent.[20] Further, Jenkins testified that the Archdiocese had the power to dismiss or

---

[16] *Id.*
[17] *Id.*
[18] *Id.* at 705.
[19] *Id.*
[20] *Id.*

5

suspend Parauka.[21] The court ultimately held that based on the evidence in the record the Archdiocese "exercised a discernable degree of supervision and control" such that there was sufficient evidence in the record from which a reasonable jury could have concluded that an employer-employee relationship existed between the Archdiocese and Parauka for the purpose of vicarious liability.[22]

Here, Plaintiff provides the Court with the testimony of Brother Stephen LeMendola, a representative of the Moreau Province. Repucci was a member of the Moreau Province, a society of brothers called to a religious lifestyle. The members of the Moreau Province perform ministry through a variety of services and remit their salaries back to the Province. The members of the Moreau Province are obligated to uphold certain "lifestyle guidelines" as promulgated by the Province. Holy Cross is a "property" school of the Moreau Province. According to LeMendola, the two organizations work pursuant to a "memorandum of understanding" by which Holy Cross must uphold certain Catholic characteristics required by the Province. The headmaster of Holy Cross School reports to the Province and abides by the rules of the Province.

At the time of the assault at issue here, the Moreau Province placed brothers at particular schools either by appointment or upon the brother's request. The Province assigned Repucci to various locations and positions throughout his career, including as a teacher at Holy Cross. LeMendola admitted that the Moreau Province would have signed off on Repucci's placement at the Holy Cross summer camp as well. However, the Province did

---

[21] *Id.*
[22] *Id.*

not supervise Repucci in these positions or pay him. Holy Cross was responsible for the day-to-day oversight of Repucci and paid him a stipend for his work, which he remitted back to the Province. However, the Moreau Province maintained Repucci's personnel file and would perform evaluations on his teaching at Holy Cross. LeMendola also admitted that the Province had the authority to dismiss Repucci for objectionable behavior and could dispense of a brother if he failed to comply with the Province's guidelines. In addition, Plaintiff points out that the Moreau Province admitted in a discovery response that it had a duty to exercise reasonable care in hiring, retaining, training, and supervising Repucci.

Defendants argue only that the facts in the record are insufficient for the Court to find that an employer-employee relationship existed and that material issues of fact remain. This Court disagrees. The record evidence shows that the Moreau Province was involved in the hiring and placement of Repucci at Holy Cross School and Holy Cross summer camp. Just as with the Archdiocese in *Doe*, the Province had a measure of control over Holy Cross, which controlled Repucci's day-to-day work. In addition, the Province promulgated guidelines that Repucci was expected to follow, the violation of which could result in dismissal or dispensation. The Province could also dismiss or transfer Repucci from his position at Holy Cross.

Accordingly, the Province's relationship with Repucci satisfies three of the four factors that the Louisiana Supreme Court advises courts to consider when determining whether an employer-employee relationship exists for the purposes of Article 2320—hiring, dismissal and control. As in *Doe*, the only

factor that is not satisfied is payment.[23] Defendants have not presented any contrary evidence that calls into question the facts regarding Moreau Province's ability to hire, fire, and control Repucci.[24] While the Court is aware that *Doe* was not decided on summary judgment, it advises that facts similar to those that Plaintiff has presented here are sufficient to find an employer-employee relationship. Accordingly, this Court finds that an employer-employee relationship existed between the Moreau Province and Repucci, and the first prong of liability under Article 2320 is satisfied. Defendants do not argue that it is not satisfied as to Defendant Holy Cross.

### B. Course and Scope of Employment

Under Louisiana law, vicarious liability for intentional torts is governed by the standard articulated in *LeBrane v. Lewis*.[25] There, the Louisiana Supreme Court considered when tortious conduct is within the course and scope of employment.[26] The court promulgated the following factors:

(1) whether the tortious act was primarily employment rooted;
(2) whether the act was reasonably incidental to the performance of the employee's duties;
(3) whether the act occurred on the employer's premises; and
(4) whether it occurred during the hours of employment.[27]

---

[23] *See Matlock*, 707 So. 2d at 1018 ("The fact that Mr. Hankel, as a volunteer fireman, was not paid for his services does not prevent there being a master-servant relationship.").

[24] "When there is no genuine dispute regarding the facts underlying whether a party was an employee or an independent contractor, the Court may determine the employment status as a matter of law." Cole v. Seal Enters., Inc., No. CV 20-2248, 2021 WL 2351125, at *5 (E.D. La. June 9, 2021).

[25] 292 So. 2d 216 (La. 1974).

[26] *Id.*

[27] *Id.*

All four factors need not be present for liability to be imposed on an employer.[28] "The particular facts of each case must be analyzed to determine whether the employee's tortious conduct was within the course and scope of his employment."[29]

Plaintiff cites to several cases in which courts have found employers vicariously liable for sexual assaults committed by their employees.[30] Defendants do not appear to contest that Repucci was acting in the course and scope of his employment at the time of the incident here. Indeed, the sexual assault occurred during the execution of Repucci's duties as camp director, during camp hours, and on camp property. Accordingly, the alleged tortious act was committed during the course and scope of Repucci's employment.[31] Plaintiff has carried his burden to show that Defendants can be vicariously liable for Repucci's acts.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED**, and the Court finds that Defendants may be held vicariously liable for the acts of Brother Stanley Repucci.

---

[28] Baumeister v. Plunkett, 673 So.2d 994, 997 (La. 1996).
[29] *Id.*
[30] Doe v. ABC Sch., 316 So. 3d 1086 (La. App. 1 Cir. 2020); Booth v. Orleans Par. Sch. Bd., 49 So. 3d 919 (La. App. 4 Cir. 2010); T.S. v. Rapides Par. Sch. Bd., 11 So. 3d 628, 631, (La. App. 3 Cir. 2009).
[31] *Lagrange*, 337 So. 3d at 925.

New Orleans, Louisiana this 19th day of May, 2025.

_____
 **JANE TRICHE MILAZZO
 UNITED STATES DISTRICT JUDGE**