UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN LOUSTEAU** | * | **CIVIL ACTION** |
| *Plaintiff* | * | |
| | * | **NO. 2021-1457** |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| | * | **JANE TRICHE MILAZZO** |
| **CONGREGATION OF HOLY CROSS** | * | |
| **SOUTHERN PROVINCE, INC.** | * | |
| and | * | **MAGISTRATE:** |
| **HOLY CROSS COLLEGE, INC.** | * | **KAREN WELLS ROBY** |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PRE-TRIAL ORDER**

**1.   DATE OF PRE-TRIAL CONFERENCE:**

A pre-trial conference is scheduled in this matter pursuant to Rule 16 of the Federal Rules of Civil Procedure on the 17th day of June, 2025 at 1:00 p.m.

**2.   APPEARANCES OF COUNSEL:**

Kristi S. Schubert, T.A. (#34870)
Frank E. Lamothe III, (#07945)
Julien G. Lamothe (#38313)
**LAMOTHE LAW FIRM, LLC**
400 Poydras Street, Suite 1760
New Orleans, Louisiana 70130
Telephone: 504-704-1414
kschubert@lamothefirm.com
felamothe@lamothefirm.com
jlamothe@lamothefirm.com
*Counsel for the Plaintiff, John Lousteau*

William P. Gibbens, T.A. 27225
Ian Atkinson, 31605
Benjamin O. Flaxenburg, 37682
**SCHONEKAS, EVANS, MCGOEY & MCEACHIN, L.L.C.**
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
billy@semmlaw.com
ian@semmlaw.com
benjamin@semmlaw.com
*Counsel for Defendants, Congregation of Holy Cross, Moreau Province, Inc. and Holy Cross College, Inc.*

3. **DESCRIPTION OF THE PARTIES:**

   a.) **Plaintiff, John Lousteau:**

   Plaintiff, John Lousteau, is a person of the full age of majority and resident of the State of Florida.

   b.) **Defendants, Counsel for Defendants, Congregation of Holy Cross, Moreau Province, Inc. and Holy Cross College, Inc.:**

   Defendant, Congregation of Holy Cross, Moreau Province, Inc., is a Texas non-profit corporation with its principal place of business in Texas.

   Defendant, Holy Cross College, Inc., is a Louisiana non-profit corporation with its principal place of business in Louisiana.

4. **JURISDICTIONAL AND VENUE STATEMENT:**

   a.) Jurisdiction over this matter exists under 28 U.S.C. § 1332(a)(1) and (2). Defendants concede that this Court has subject matter jurisdiction and that venue is proper.

   b.) This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based upon the diversity of citizenship between the parties. Plaintiffs have alleged that the

amount in controversy exceeds the jurisdictional minimum exclusive of costs and interest.

5. **MOTIONS PENDING OR CONTEMPLATED:**

   a.) **Plaintiff:**

Pending motions on behalf of Plaintiff are: (1) Motion *in Limine* regarding Rule 415 Evidence (Rec. Doc. #127); and (2) Omnibus Motion *in Limine* (Rec. Doc. #129).

   b.) **Defendants:**

Defendants have the following motions pending before the Court: (i) Motion in Limine to Exclude Testimony as to Plaintiff's Credibility or Truthfulness (R. Doc. 117); (ii) Motion in Limine to Exclude Settlement Discussions and Offers (R. Doc. 121); and (iii) Motion in Limine to Exclude Testimony Offered Under Fed. R. Evid. 415 (R. Doc. 132).

6. **SUMMARY OF MATERIAL FACTS:**

   a.) **Plaintiff:**

From 1943 to 1969, Brother Stanley Repucci was an employee/member of Defendant Congregation of Holy Cross, Moreau Province, Inc. The Congregation of Holy Cross, Moreau Province, Inc. is a religious order where Stanley Repucci was a Brother. Stanley Repucci is the religious name which was given to Edmund Repucci when he joined the Holy Cross religious order. Members of the order were assigned to various faculty and/or administrative positions around the country. The Congregation of Holy Cross, Moreau Province, Inc., assigned Brother Repucci to various locations throughout his career, including New York, Massachusetts, Michigan, Wisconsin, Ohio, Indiana, Texas, Connecticut, and Louisiana. Defendant Holy Cross College, Inc., operated a school in New Orleans called The Holy Cross School. From 1964 to 1969, Repucci

was an employee of The Holy Cross School in New Orleans, Louisiana where he was assigned as a teacher.

In 1967 and 1968, Repucci served as the Resident Camp Director of Holy Cross Resident Camp located at The Holy Cross School. The Holy Cross School was responsible for operation of the Holy Cross Resident Camp. The Holy Cross Resident Camp was advertised as a summer academic program for boys ages 7 to 14 years old that included classes, music lessons, and sports programs. The boys who enrolled in the Holy Cross Resident Camp resided overnight in the Holy Cross dormitories throughout the duration of the camp. As the Resident Camp Director, Repucci was responsible for managing the day-to-day operations, overseeing all aspects of the Holy Cross Resident Camp, and supervising the boys enrolled in the camp. In approximately 1967 or 1968, Plaintiff John Lousteau enrolled in the Holy Cross Resident Camp and stayed in the dorm where Repucci also resided. While staying in the dorms at the camp, John Lousteau was sexually abused by Brother Stanley Repucci. John Lousteau suffered serious lifelong damage due to the sexual abuse perpetrated by Brother Stanley Repucci. Brother Stanley Repucci left the Order, Congregation of Holy Cross, Moreau Province, Inc., in June of 1969. Repucci subsequently resumed using his birth name, Edmund Repucci. Shortly after leaving the religious order, Repucci married John Lousteau's mother and moved into John Lousteau's home.

This Court has already entered Partial Summary Judgment ruling that at the time the sexual abuse is alleged to have occurred, Repucci was acting within the course and scope of his employment with both Defendants, The Congregation of Holy Cross, Moreau Province, Inc. and Holy Cross College, Inc., and therefore both Defendants are vicariously liable for the alleged acts of sexual abuse committed by Repucci upon John Lousteau at the Holy Cross Resident Camp.

Plaintiff adopts and incorporates all material facts which he set forth in his memoranda in support of his Motion for Partial Summary Judgment on the Issue of Vicarious Liability.

  **b.)  Defendants:**

Plaintiff, John Lousteau, seeks to hold Holy Cross School Congregation of Holy Cross, Moreau Province, Inc. ("Moreau Province") and Holy Cross College, Inc. ("Holy Cross School") vicariously liable for two alleged instances of sexual abuse. These two instances of abuse allegedly occurred in 1968 at an overnight summer camp at Holy Cross School when Plaintiff was twelve years old. The abuse was allegedly committed by Stanley Repucci, a then-member of the Moreau Province and the director of the summer camp. Repucci is not a named defendant; has not been associated since Holy Cross since 1969 and died in 2004. Plaintiff alleges that one evening while he and Repucci watched TV in Repucci's dorm room, Repucci began rubbing and thrusting his genitals against Lousteau's thigh. Both remained clothed. Plaintiff claims that the incident lasted until Repucci ejaculated into his own clothing, at which point Plaintiff ran back to his dorm room. Plaintiff also alleges that, a few nights later, Reppucci entered Plaintiff's dorm room, placed his hand down Plaintiff's pajamas, and fondled Plaintiff's genitals. Within seconds Plaintiff began to kick and scream, and Repucci quickly exited Plaintiff's room.

About one year after the abuse, Plaintiff's mother began dating Repucci, who moved into Plaintiff's family home. Plaintiff denies that any abuse occurred while Repucci lived with his family. Repucci and Plaintiff's mother ended their relationship after a few years.

During his adult life, Plaintiff has made inconsistent representations about his claims, including representing on healthcare disclosure/intake forms that he was never sexually abused.

According to Plaintiff, the two instances of abuse *directly* caused lifelong psychological

5

problems and substance use disorder, including habitual drug use. Plaintiff argues that Holy Cross is vicariously liable for all his negative life outcomes. He seeks *only* compensatory damages. Plaintiff has little evidence to support his theory that the alleged abuse was the direct, but-for and proximate cause of his lifelong drug abuse and mental health problems.

In particular, Dr. R. John Sawyer, PhD, an Ochsner-affiliated neuropsychologist retained by Defendants who evaluated Plaintiff, will testify that (1) the development of psychological disorders cannot directly attributed to one event and (2) numerous other relevant factors contributed to Plaintiff's development of substance use disorders and emotional symptoms.

These contributory factors include (1) a family history of addiction and mental illness; (2) physical and emotional abuse to Plaintiff by his mother; (3) household instability, including parental divorce; (4) his mother choosing to date and live with Reppucci, causing further emotional distress and turmoil; (5) behavioral difficulties predating the alleged abuse; (6) work-related exposure to and use of illegal drugs while working as a young adult in the oil field service industry; (7) a criminal history, including convictions for burglary and domestic violence against his daughter; and (8) Plaintiff's ongoing fractured relationship with his daughter. As such, there is ample evidence refuting Plaintiff's claim that any alleged abuse was a direct, but-for, or proximate cause of psychological challenges or substance abuse disorder.

7.   **SINGLE LISTING OF UNCONTESTED MATERIAL FACTS:**

   1.   From May 1943 through June 5, 1969, Brother Stanley Repucci was a member of Defendant Congregation of Holy Cross, Moreau Province, Inc.

   2.   The Congregation of Holy Cross, Moreau Province, Inc. is a religious Order where Stanley Repucci was a Brother.

   3.   Stanley Repucci is the religious name which was chosen by Edmund Repucci when he joined the Holy Cross religious order.

4. Defendant Holy Cross College, Inc. operated The Holy Cross School in New Orleans, Louisiana, at all material times.

5. Defendant Holy Cross College, Inc. operated The Holy Cross Resident Camp in New Orleans, Louisiana, at all material times.

6. From 1964 to 1969, Stanley Repucci was a teacher at Holy Cross School in New Orleans, Louisiana.

7. In 1967 and 1968, Stanley Repucci served as the Resident Camp Director of Holy Cross Resident Camp located at Holy Cross School, in New Orleans, Louisiana.

8. Brother Stanley Repucci left the Holy Cross Order, Congregation of Holy Cross, Moreau Province, Inc., in June of 1969.

9. After leaving the religious order, Stanley Repucci resumed using the name Edmund Repucci and married John Lousteau's mother and moved into John Lousteau's home.

**8. SINGLE LISTING OF CONTESTED ISSUES OF FACT:**

1. Whether John Lousteau was sexually abused by Brother Stanely Repucci at the Holy Cross Resident Camp.

2. Whether and to what extent any alleged sexual abuse, if proven, was in fact a but-for, direct, or proximate cause of any compensable damages to John Lousteau.

3. The nature, extent, and duration of the damages, if any, to John Lousteau caused by any alleged sexual abuse.

**9. CONTESTED ISSUES OF LAW:**

1. Whether John Lousteau was sexually abused by Brother Stanley Repucci at the Holy Cross Resident Camp as a matter of law.

2. Whether and to what extent any alleged sexual abuse, if proven, was as a matter of law a but-for, direct, or proximate cause of any compensable damages to John Lousteau.

3. The nature, extent, and duration of the damages, if any, to John Lousteau caused by any alleged sexual as a matter of law.

10. **EXHIBITS:**

    a.)    **Plaintiff's Exhibits - Objected to by Defendants**

| EX. | DESCRIPTION | ADMISSIBILITY OBJECTIONS |
|---|---|---|
| 6 | May 21, 1969 Correspondence from Br. Repucci to Br. Walsh (MP000003) | Relevance and cumulative given entry of summary judgment on vicarious liability and stipulations as to undisputed facts (Fed. R. Evid. 401-403) |
| | | **Plaintiff's Response: Relevant to Repucci's continued presence at Holy Cross Resident Camp in 1969** |
| 7 | Letter of Admission to Profession (MP000074) | Relevance and cumulative given entry of summary judgment on vicarious liability and stipulations as to undisputed facts (Fed. R. Evid. 401-403). |
| | | **Plaintiff's Response: Relevant to Repucci's relationship with the Defendants** |
| 9 | April 21, 1969 Correspondence from Br. Repucci to Provincial Superior (MP000142) | Relevance and cumulative given stipulations as to undisputed facts (Fed. R. Evid. 401-403). |
| | | **Plaintiff's Response: Relevant to Repucci's relationship with the Defendants and assignment history at various schools and camps around the country.** |
| 10A | Holy Cross Moreau Province, Inc. Responses to Requests for Admissions Nos. 4-7, | Hearsay as to all (Fed. R. Evid. 801-802); for RFA Nos. 4-7, relevance, prejudicial and misleading given Plaintiff's stipulation to withdraw negligent hiring, training and supervision claims (Fed. R. Evid. 401-403) |
| | | **Plaintiff's Response: Relevant to Repucci's employment relationship to Holy Cross Moreau Province, Inc.** |
| 10B | Holy Cross College Inc. Responses to Requests for Admissions Nos. 4-7, | Hearsay as to all (Fed. R. Evid. 801-802); for RFA Nos. 4-7, relevance, prejudicial and misleading given Plaintiff's stipulation to withdraw negligent hiring, training and supervision claims (Fed. R. Evid. 401-403) |
| | | **Plaintiff's Response: Relevant to Repucci's employment relationship to Holy Cross College Inc.** |

b.)	**Plaintiff's Exhibits -  NOT Objected to by Defendants**

| EX. | DESCRIPTION | ADMISSIBILITY OBJECTIONS |
|---|---|---|
| 1 | Brother Stanley Repucci – 1969 Yearbook Photo 1 (JL Disc. Resp. 000089) | No objection. |
| 2 | Brother Stanley Repucci – 1969 Yearbook Photo 2 (JL Disc. Resp. 000090) | No objection. |
| 3 | Brother Stanley Repucci – 1969 Yearbook Photo 3 (JL Disc. Resp. 000091) | No objection. |
| 4 | Photograph of John Lousteau and Family (JL Disc. Resp. 000319) | No objection. |
| 5 | 1966 Yearbook – Repucci Pizza Party Photograph (HC_000324) | No objection. |
| 8 | Holy Cross Resident Camp Advertisement (MP000133) | No objection |
| 11 | Exhibit 1 to the deposition testimony of T.S. | No objection. |
| 12 | Any exhibit listed or used by Defendants | No objection |

c.)	**Defendants' Exhibits -  Objected to by Plaintiff**

| EX. | DESCRIPTION | ADMISSIBILITY OBJECTIONS |
|---|---|---|
| 3 | Handwritten Intake Form for Dauphin Way Lodge, dated January 18, 1994 (JL Disc. Reps. 001139 – 001146) | Objection – Improper material per Rule 412 material; Improper material per Rule 609 subject to pending Motion *in Limine* |
|  |  | **Defendants' Response: Defendants address these objections in Opposition to Plaintiff's Omnibus *Motion in Limine* (R. Doc. 134); exhibit is not being offered to prove any prior sexual behavior or sexual predisposition; criminal history** |

| | | |
|---|---|---|
| | | relevant to damages and causation, *e.g.*, Plaintiff testified that he suffers from "a lot of jail and a lot of prison dreams from being locked up"; probative value outweighs any unfair prejudice |
| 7 | Certified Medical Records of Dr. Peter T. Oas, dated March 10, 2025 (JL Disc. Resp. 001709 – 001710) | Objection – Hearsay (Fed. R. Evid. 801-802) |
| | | **Defendants' Response: Hearsay exception – certified record of regularly conducted activity – *i.e.*, certified confirmation of patient history by healthcare provider (Fed. R. Civ. P. 803(6))** |

d.) **Defendants' Exhibits - NOT Objected to by Plaintiff**

| EX. | DESCRIPTION | ADMISSIBILITY OBJECTIONS |
|---|---|---|
| 1 | Handwritten Social Security Disability Application Form, Part IV, dated October 13, 1994 (JL Disc. Resp. 000957 – 000964) | No Objection. |
| 2 | Handwritten Social Security Disability Application Form, Parts I-III, dated October 13, 1994 (JL Disc. Resp. 001002 – 001007) | No Objection. |
| 4 | Handwritten Work Activity Report, dated September 9, 1994 (JL Disc. Resp. 001156 – 001158) | No Objection. |
| 5 | Handwritten Washington State Dep. Social & Health Services Form, dated January 27, 1995 (JL Disc. Resp. 001169 – 001170) | No Objection. |
| 6 | Disability Determination Letter JL Disc. Resp. 001295 – 001297) | No Objection. |

11. **DEPOSITION TESTIMONY:**

    a.) **Plaintiff:**

        1.    T.S. – Appearing via Transcript and video of the deposition which T.S. gave in the case of *T.S. v. Congregation of Holy Cross Moreau Province, et al*, Civil Action No. 21-07247. (with confidential identifying information of T.S. and his family members redacted).

        2.    Dr. Michael Roberts via Transcript and Video Deposition

        3.    Brianna Lousteau via Transcript and Video Deposition

        4.    Holy Cross 30(b)(6) Representative, Brother Stephen LaMendola via Transcript.

Plaintiff reserves the right to offer the deposition of any witness unavailable for trial, for impeachment purposes, or for any other reason permitted under the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

    b.) **Defendants:**

        1.    Dr. Michael Roberts via Transcript and Video Deposition

        2.    Brianna Lousteau via Transcript and Video Deposition

Defendants reserve the right to offer the deposition of any witness unavailable for trial, for impeachment purposes, or for any other reason permitted under the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

12. **CHARTS, GRAPHS, MODELS, OR SCHEMATIC DIAGRAMS:**

None. The parties may project enlarged versions of exhibits and/or enlarged versions of exhibits for opening and/or closing.

13. **WITNESSES:**

   a.) **Plaintiff:**

   1. John Lousteau
   392 Long Road
   Defuniak Springs, Florida 32433

   He is the Plaintiff in this matter and will testify to the facts, circumstances and resulting damages of the sexual abuse by Repucci at Holy Cross Resident Camp.

   2. David Lousteau
   6009 18th Avenue SE
   Lacey, WA 98503

   He is a fact witness and Plaintiff's brother. He will testify about the disclosure of the sexual abuse made to him by John Lousteau, the circumstances surrounding the abuse including his stay at the Holy Cross camp, Repucci's interactions with the Lousteau family, the Lousteau family history and dynamics, and John Lousteau's damages.

   3. Jeanne Lousteau Ford
   20227 208th Avenue SE
   Renton, WA 98058

   She is a fact witness and Plaintiff's sister. She will testify about the disclosure of the sexual abuse made to her by John Lousteau, Repucci's interactions with the Lousteau family, the Lousteau family history and dynamics, and John Lousteau's damages.

   4. Dr. Dawn Matherly
   1808 Front Street, Suite 202
   Slidell, Louisiana 70458

   She is an expert witness. She will testify to her evaluation of John Lousteau as set forth in her written report which was produced to all parties in accordance with the Court's Scheduling Order.

   5. R.B.
   418 Cedarwood Drive
   Mandeville, Louisiana 70471

   R.B. is a fact witness who will testify as to the sexual abuse he suffered at the hands of Repucci at Holy Cross School and at a Holy Cross camp.

6.     Brianna Lousteau via Transcript and Video Deposition
   392 Long Road
   Defuniak Springs, Florida 32433
   She is a fact witness and Plaintiff's daughter. She will testify about the disclosure of the sexual abuse made to her by John Lousteau, the Lousteau family history and dynamics, and John Lousteau's damages.

7.     T.S. via Transcript and Video Deposition
   Deceased

   T.S. is a fact witness who will testify as to the sexual abuse he suffered at the hands of Repucci at Holy Cross School.

8.     Dr. Michael Roberts via Transcript and Video Deposition
   1001 W. College Blvd., Bldg. 1, Suite D
   Niceville, Florida 32578

   He is Plaintiff's treating physician and will testify to disclosure of the sexual abuse made to him by Plaintiff, his assessment of John Lousteau's mental health condition, and John Lousteau's damages.

9.     Eric DesOrmeaux (under cross-examination)

   He is the principal of Holy Cross School and he will testify to his knowledge of and the facts and circumstances relating to The Holy Cross School and Holy Cross College Inc.

10.     Brother Stephen LaMendola (under cross-examination)

    He is the Assistant Provincial the Congregation of Holy Cross Moreau Province of will testify to his knowledge of and the facts relating to The Holy Cross School and the Congregation of Holy Cross Moreau Province, Inc.

Plaintiff's Witness List was filed in accordance with the Scheduling Order issued by this Honorable Court.

    **a.)**     **Defendants:**

1.     Dr. R. J. Sawyer, PhD.
   5234 Perrier St
   New Orleans, LA 70115

        Dr. Sawyer is an expert witness. He will testify to his evaluation of John Lousteau and the opinions set forth in his written report which was produced to all parties in accordance with the Court's Scheduling Order.

2.     Dr. Michael Roberts via Transcript and Video Deposition
      1001 W. College Blvd., Bldg. 1, Suite D
      Niceville, Florida 32578

      Dr. Roberts is John Lousteau's treating physician. He will testify by designation of deposition testimony as to his assessment of John Lousteau's current mental health condition, his decision not to refer John Lousteau to a mental health specialist, and his medical opinion regarding the causes of substance of abuse.

3.     Brianna Lousteau via Transcript and Video Deposition
      392 Long Road
      DeFuniak Springs, FL 3243
      Phone:850-499-3694

      Briana Lousteau is John Lousteau's adult daughter. She may be called to testify by designation of deposition testimony as to testify as to her fractured relationship with her father, and the causes of the same, which John Lousteau has admitted is a source of emotional distress independent of his allegations in this matter.

4.     Brother Stephen LaMendola
      c/o counsel for Defendants

      Brother Stephen LaMendola is the Assistant Provincial the Congregation of Holy Cross Moreau Province. He may be called to testify if necessary to rebut any contention that Moreau Province had any prior knowledge of the alleged sexual abuse.[1]

5.     Anthony Dougherty, Esq.
      c/o counsel for Defendants

      Anthony Dougherty is outside counsel to the Congregation of Holy Cross Moreau Province. He may be called to testify if Defendants' pending Motion in Limine to Exclude Settlement Discussions and Offers (R. Doc. 121) is denied and to the extent necessary to rebut testimony by John Lousteau regarding statements made during those discussions.

---

[1] Because that Plaintiff has stipulated to limiting his theory of recovery to vicarious liability (*see infra* § 16), the issue of Defendants' prior knowledge is no longer relevant.

Witness lists have been filed by both parties in accordance with prior Court order. No other witnesses shall be allowed unless agreeable to all parties and their addition does not affect the trial date. This restriction will not apply to rebuttal witnesses or documents when their necessity cannot be reasonably anticipated.

With respect to expert reports, the parties have exchanged expert reports in accordance with the Court's Scheduling Order.

14. **JURY STATEMENT:**

The case is to be tried to a jury. The jury trial is applicable to all aspects of the case.

Proposed jury instructions, special jury interrogatories, trial memoranda, and any special questions that the Court is asked to put to perspective jurors on *voir dire* shall be delivered to opposing counsel and filed with the Court no later than five (5) business days prior to trial unless otherwise ordered by the Court.

15. **FEASIBILITY OF HOLDING SEPARATE TRIALS ON THE ISSUE OF LIABILITY AND QUANTUM:**

There will be no bifurcation of the trial.

16. **OTHER MATTERS WHICH MAY EXPEDITE THE DISPOSITION OF THE CASE:**

   1. A method for jury *voir dire* for the unique circumstances of this case.

   2. Plaintiff requests the equalization of peremptory strikes. Defendants object to being treated as a single party.

   3. As reflected by the limited number of contested issues of law, Plaintiff has stipulated that he is only seeking to hold Defendants liable under a theory of vicarious liability and is withdrawing any claim premised on Defendant's direct negligence claims (*e.g.*, negligent hiring, supervision, or training).

   4. As reflected in the uncontested issues of fact, Plaintiff has stipulated that he is not seeking past and future economic damages or past and future medical damages.

5.      A proper method for informing the jury that vicarious liability has been established.

**17.    TRIAL DATE/NUMBER OF DAYS REQUIRED FOR TRIAL:**

A jury trial will commence on Monday, June 23, 2025. During the initial Scheduling Conference, the parties noted that the case was expected to last (2-4) days. The trial of this case is set to commence before the District Judge on June 23, 2025 at 8:30 o'clock a.m.

**18.    STATEMENT REGARDING CONFECTION OF PRE-TRIAL ORDER:**

This Pre-Trial Order has been formulated after conference, at which counsel for respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections or additions prior to signing. Hereafter, this Order will control the course of the trial, and may not be amended except by the consent of the parties and the Court, or by order of the Court to prevent manifestation of injustice.

**19.    SETTLEMENT STATEMENT:**

The possibility of settlement of this case was considered. A settlement conference was held on May 21, 2025 with Magistrate Judge Roby. No resolution of Plaintiff's claims could be achieved.

**NEW ORLEANS, LOUISIANA**, this _____ day of _____, 2025.

_____
**THE HONORABLE JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

[SIGNATURE BLOCK ON NEXT PAGE]

*/s/ Kristi S. Schubert*
Kristi S. Schubert, T.A. (#34870)
Frank E. Lamothe III, (#07945)
Julien G. Lamothe (#38313)
**LAMOTHE LAW FIRM, LLC**
400 Poydras Street, Suite 1760
New Orleans, Louisiana 70130
Telephone: 504-704-1414
kschubert@lamothefirm.com
felamothe@lamothefirm.com
jlamothe@lamothefirm.com
*Counsel for the Plaintiff, John Lousteau*


*/s/ Benjamin O. Flaxenburg*
William P. Gibbens, 27225
Ian Atkinson, 31605
Benjamin O. Flaxenburg, 37682
**SCHONEKAS, EVANS, MCGOEY & MCEACHIN, L.L.C.**
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
billy@semmlaw.com
ian@semmlaw.com
benjamin@semmlaw.com
*Counsel for Defendants, Congregation of Holy Cross, Moreau Province, Inc. and Holy Cross College, Inc.*